# Order

Michigan Supreme Court
Lansing, Michigan

June 22, 2012

144531

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

WILLIAM CLYDE HENIX, II,
   Defendant-Appellant.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 144531
COA: 301618
Saginaw CC: 10-034038-FH

On order of the Court, the application for leave to appeal the January 10, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), we AFFIRM that part of the Court of Appeals judgment holding that the defendant failed to demonstrate that his trial counsel was ineffective. Defendant argues that his trial attorney's performance fell below an objective standard of reasonableness in failing to move to suppress physical evidence seized from the house, as well as the defendant's inculpatory statements to the police during questioning inside the house. However, even if this evidence were to be suppressed, considering the weight and strength of the untainted evidence presented at trial, the defendant cannot demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. See *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Carbin*, 463 Mich 590, 599-600 (2001). In light of this, we VACATE as unnecessary that part of the Court of Appeals judgment holding that the defendant's Fourth Amendment rights were not violated when the police officers forcibly entered the house where the defendant was staying. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

CAVANAGH, J. (*concurring in part and dissenting in part*).

I concur with the order that in light of the remaining untainted evidence, defendant cannot demonstrate a reasonable probability that, but for counsel's error of failing to move for suppression of the illegally acquired evidence, the result of the proceeding would have been different.

I respectfully dissent, however, from that portion of the order vacating as "unnecessary" the Court of Appeals' judgment holding that defendant's Fourth Amendment rights were not violated when the police kicked open the door of the house where defendant was staying and entered without a warrant. Rather, I would reverse the Court of Appeals on this issue because the record fails to demonstrate that the officers were in hot pursuit of a fleeing suspect or that any exigent circumstances justified a warrantless entry into the house to make a routine felony arrest. See *Payton v New York*, 445 US 573, 598, 590; 100 S Ct 1371; 63 L Ed 2d 639 (1980); *Minnesota v Olson*, 495 US 91, 100; 110 S Ct 1684; 109 L Ed 2d 85 (1990). Indeed, when the police officers first observed defendant leaving the scene of the crime, they initiated no pursuit, nor did they even attempt to make contact with defendant. It was only after confirming that a crime had occurred and running a computer check on the license plates from the vehicle defendant was driving that the police proceeded to the home where defendant was staying. By the time the police arrived at the home, defendant had already arrived, parked the vehicle, and entered the house. In short, "there was no immediate or continuous pursuit of [defendant] from the scene of a crime." *Welsh v Wisconsin*, 466 US 740, 753; 104 S Ct 2091; 80 L Ed 2d 732 (1984). Further, Officer Ken Bluew testified that several officers were stationed around the house to prevent escape and there was no indication that defendant was armed or posed a danger to anyone inside the home. Thus, there was no reason that the officers could not have secured a search warrant before entering the home.

In my view, the majority errs by determining that the Court of Appeals' conclusion that defendant's Fourth Amendment rights were not violated was "unnecessary." Because one of defendant's claims of ineffective assistance is predicated on the conclusion that his Fourth Amendment rights were violated, I believe it is necessary for this Court to reverse the Court of Appeals' conclusion to the contrary.

MARILYN KELLY, J., joins the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 22, 2012

_____
Clerk

s0619